tiff, and unanswered by the defendant, it is clear that this defense is sham, and merely put in for the purpose of delay, and not in good faith. The order appealed from should be affirmed, with costs.

---

ALFRED SHRIMPTON'S SONS, Limited, Respondent, v. DWORSKY, Appellant.

(*City Court of New York, General Term.* October 24, 1892.)

Action by Alfred Shrimpton's Sons, Limited, against Abraham J. Dworsky. Argued before EHRLICH, C. J., and VAN WYCK, J.
*Francis B. Chedsey*, for appellant. *George C. Coffin*, for respondent.

EHRLICH, C. J. The trial judge intelligently submitted to the jury the question whether the goods delivered had been ordered by the defendant, and whether there was an acceptance of them sufficient to take the case out of the statute of frauds, and the jury found on both propositions in favor of the plaintiff. The evidence sufficiently sustains the findings, and, there being no merit in the exceptions, an affirmance, with costs, follows as of course.

---

MORGENTHAU et al., Appellants, v. WALKER, Respondent.

(*City Court of New York, General Term.* October 24, 1892.)

Action by Henry Morgenthau and others against Elizabeth H. Walker. From judgment dismissing the complaint on the merits, entered on the report of Hon. Ernest Hall, referee, plaintiffs appeal.
Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.
*Lachman, Morgenthau & Goldsmith*, for appellants. *Alex. Thain*, for respondent.

EHRLICH, C. J. The judgment appealed from must be affirmed, with costs, on the opinion of the learned referee.

---

KRUGER, Respondent, v. BRAENDER, Appellant, et al.

(*City Court of New York, General Term.* October 24, 1892.)

Action by Otto Kruger against Philip Braender, impleaded, to enforce mechanic's lien. Judgment for plaintiff. Defendant appeals. Affirmed.
Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.
*Bartlett, Wilson & Hayden*, for appellant. *Eugene Otterbourg*, for respondent.

EHRLICH, C. J. The proofs clearly established a contract between the plaintiff and the defendant, Braender, the owner of the property, by the terms of which the plaintiff did work and furnished material in completing the building on which the lien was filed. There was no dispute as to the amount of the claim, or the fact that all the proceedings necessary to acquire a lien had been taken. The issue was, by consent, narrowed down to the inquiry whether there was a contract by which the work and material were furnished on the credit of Braender, the owner. The court below, on evidence entirely satisfactory, found that there was such a contract, and the usual judgment of foreclosure of the lien followed as of course. We find no error in the rulings, and the judgment appealed from must be affirmed, with costs.

---

WELLS, Respondent, v. GENIN, Appellant.

(*City Court of New York, General Term.* November 25, 1892.)

Action by Oliver J. Wells against Frank B. Genin. Judgment for plaintiff. Defendant appeals. Affirmed.
Argued before NEWBURGER and FITZSIMONS, JJ.
*Culver & Anthony*, for appellant. *Wells & Waldo*, for respondent.

NEWBURGER, J. This is an appeal from a judgment entered upon the verdict of a jury. The case was properly submitted to the jury, and, as there are no exceptions in the case that deserve serious consideration, the judgment appealed from must be affirmed, with costs.

---

WALSH, Respondent, v. WHITE, Appellant.

(*City Court of New York, General Term.* November 28, 1892.)

Action by Mary Walsh against William V. White.
Argued before NEWBURGER and FITZSIMONS, JJ.
*Alexander Thain*, for appellant. *Rufus L. Perry*, for respondent.

NEWBURGER, J. Order appealed from affirmed, with costs.